May it please the Court, Sean O'Hara on behalf of the petitioner, Mauricio Magana Claudio. Mr. Magana raises two main issues, and interwoven with both of those issues are the ever-present jurisdictional defense. His first argument is just a basic due process argument. It's that the immigration judge did not sufficiently read and explain the notice to appear and the amended notice to appear as required by due process and federal regulations. Secondly, is that the I.J. incorrectly ruled that the methamphetamine conviction qualified as a removable conviction and that that improper legal determination improperly tainted the further discretionary decision. I noticed in the earlier argument you are very skeptical of these appeals of discretionary decisions, and I will submit that this is reviewable, not as a discretionary decision, but as a legal determination. Because let's take a hypothetical situation where it would be very stark, where an improper legal determination could taint a discretionary decision. If you take an otherwise removable alien and the immigration judge rules that a certain conviction is a crime of moral turpitude or, you know, it's a felony under a Wobbler statute or something else, but it's not dependent for the removal order, then in the direct upon direct examination of that alien, if the alien insists that he was not in fact convicted of that, the immigration judge will say, well, this guy is lying to me. I know that he was in fact convicted of a felony, even though the I.J. was wrong. And so I would submit that that is not really a review of a discretionary decision, but a review of the underlying legal determination. Excuse me. Roberts. Counsel, your client actually conceded the convictions, didn't he? I believe he did, sir. If he conceded the convictions, then how can it be improper for the I.J. to have considered those when he made his discretionary decision? Well, we don't have sort of an issue of proof as to whether we've proven convictions that we deny or which we wish to force the government to shoulder as burden of proof. Well, again, I mean, you know, as you've heard before today, the, you know, judicial admission and waiver by an alien in one of these things, that's not the categorical or the modified categorical proof. They still need to go through and actually, you know, walk through. But as a matter of – but once we get to the matter of discretion, why is that inappropriate? I understand your argument on the cancellation of removal and his eligibility and so forth. But as a matter of discretion, if your client has conceded the convictions, why can't the I.J. say, you know something? I don't think you're going to qualify for cancellation of removal here. You've told me you admit to being a bad guy. You've been guilty of all of these drug offenses. You've been guilty of stalking. And as a matter of discretion, even if I thought you were otherwise eligible, you know what? I'm not going to give you cancellation of removal. Well, Your Honor, I'd submit that this is what I believe is apparent from the record, is that that is – these are kind of grudging concessions and it's, you know, sort of an effort to ingratiate to the bench. And, you know, that could likewise be taken poorly in a, you know, credibility determination as well. For example, if a stalking – if a stalking conviction were not – even if that were not a – did not render him ineligible for cancellation of removal. And the immigration judge did not rule that it did. But continue. Okay. That's right. But there's no reason they can't take into account a stalking offense once he gets to the discretionary determination, right? No. There is no reason he can't. Okay. So once we've got the stalking, he doesn't deny that he's got a stalking conviction in 2001. No. And I didn't address the stalking conviction. I mean, this is mainly about the methamphetamine conviction. And this is – you know, if you look through, it's like basically the IJ says you've been in jail more often than you've – you've been in jail or on probation more often than not since you've been a legal resident. And, I mean, that's a – wrapped up in that opinion, that credibility determination there is that, you know, it's like this is – he was convicted of – he's not, you know, eligible for relief under – for that – for the methamphetamine conviction. Now, kind of going back to what the government said, the government's only issue in their brief, and that's jurisdiction for these, and I think that's kind of the naughtier question. The government wishes to ignore the Huerta-Guevara case, which is still a good law in this jurisdiction. The Barron v. Ashcroft case decided a couple years afterwards to not mention the Huerta-Guevara case. And if you'll recall, Barron's woman said exhaustion is a congressional requirement. We don't have any discretion to go around it. Huerta-Guevara, nothing changed in between those two cases. I mean, I think it could be as simple as that's a case where you have two different panels of the same court. I think that they're – they're reconcilable. Even Barron itself allows that exhaustion does not – or allows that there are exceptions to exhaustion. In fact, it specifically mentions certain structural due process claims. I would submit that in imposing this exhaustion requirement, Congress imposed the normal exhaustion requirement, which includes the no – no required exhaustion of non-prejudicial issues as – as said in the briefs. Kennedy. Counsel, but even in the due process claim, there's law that suggests that you can't just bring a general due process claim based on procedural error. And it seems to me that what you're arguing is failing to explain non-technical language is just procedural error. I would – I mean, I think that that's – these – an immigration appeal, as noted by – by prior counsel, is, you know, quasi-criminal in its – in its context. We don't have appointed counsel for these things. In order to have due process, in order to have a fair hearing, the I.J. needs to explain to an alien who doesn't speak English as a first language what exactly is going on in this case. And if – and that's provided for by Federal regulation. If they don't do that, I don't think you have a fair hearing. Well, but aren't you arguing that the way they did it, the procedure in which they did it is the error? Isn't that what you're arguing? That really has nothing to do – it's got to be bigger than that for a due process claim. I mean, it's – I think there's – the elements of a due process claim are, you know, you have to have a violation of due process that prejudices the alien. I think here it was. I mean, it's obvious that he really had no idea what he was being charged with. He obviously didn't formulate a, you know, very strong defense in response. He just couldn't – he wasn't equipped because of the I.J.'s failure. He was not equipped to adequately defend his position. Now, another thing, it seems to me that your first argument is on removal, and your argument is it has a lot to do with the controlled substance. But he is removable under the stalking claim, isn't he? I did. And that's – I did not – that's why I'm not asking for a, you know, demisal. It's a remand. I think it's a – he's separately removable under the stalking. I mean, that's not a dispute. So then if we get to these absolutely removable under the stalking, then we're talking about whether we have cancellation. And then we get to Judge Beebe's point – or Beebe's, sorry, point about exercising discretion on the cancellation. And then we get to, after all of that, is there a denial of due process, which what – I mean, tell me how by the brief or by the notices of appeal is there been an exhaustion? Okay. Well, first, the BIA. In front of the poor BIA, who has to decide now what they're going to do. He writes, deny the process, or he writes, I do not have any aggregated felony. And now we're all of a sudden supposed to suggest that with no writing those particular things, he's automatically jumped to the point that he's exhausted his remedy. The BIA was supposed to know exactly what they were supposed to do. Judge, I'd like to answer your question and reserve the balance for a rebuttal. But on that issue, though, I mean, it's – the BIA at their peril did a summary affirmance. I mean, the poor BIA, you know, essentially just said, okay, they're clear on there. This is different than a – you know, I think in the Barron case it was an ineffective assistance of counsel claim that they had. That's not something that's readily apparent from in there. I mean, when they're checking off what's procedural due process, read and explain is in the regulations. That's something they have to do. That's exactly the same as sufficiently proving it in terms of what are the requirements, what's the government's burden to actually do. So I'll reserve the balance of my time. Mr. Goldman. Good morning, Your Honor. May it please the Court, Dan Goldman on behalf of the Attorney General. This Court should uphold the agency decision and on two grounds dismiss the petition for review for lack of jurisdiction. Number one, exhaustion is required by AUSC section 1252d1. The complaints or the issues that Petitioner is attempting to raise before this Court were not exhausted before the Board. Number two, even if this Court were to allow those unexhausted claims to be reviewed, as was noted earlier, what happened in this case, the immigration judge denied cancellation of removal in the exercise of discretion. And again, this Court's jurisprudence is very clear, that the Court lacks jurisdiction to review the discretionary denial of removal. Subject to the Court's questions, Your Honor, the government would submit on its brief. I have no questions, and we thank you, Mr. Goldman, for your efficiency of argument. Thank you. Mr. O'Hara, do you have anything in response? Your Honor, I think he was very concise in all the elements. Okay. Mr. O'Hara, the Court also notes that you are also participating in the pro bono project, and we thank you again for your able efforts on behalf of your client. Thank you very much. The Court stands in recess for the day.
judges: Bybee, M. Smith, N.R. Smith